UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY SMITH,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:12-cv-904
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's motion and supporting memorandum for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 16) and the Commissioner's response in opposition (Doc. 17).

**I. Substantial Justification**

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, plaintiff is the prevailing party. The Court reversed the non-disability finding of the Administrative Law Judge (ALJ) and ordered a remand for an award of benefits pursuant to Sentence Four of 42 U.S.C. § 405(g).

In addition, the Commissioner's position during this litigation was not "substantially justified." To be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial justification" standard under the EAJA is not the same as the "substantial evidence" standard. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court determined the Commissioner's decision lacked substantial

support in the record because the ALJ mischaracterized evidence of record and erred in weighing the opinion of plaintiff's treating psychiatrist and in assessing plaintiff's credibility. (Doc. 13 at 15-31). The Court found the ALJ incorrectly concluded that no medical source opined that plaintiff's impairments met or equaled a listed impairment as plaintiff's treating psychiatrist opined that plaintiff's mental impairments met or medically equaled a listed impairment; improperly supported his decision to discount the opinion of plaintiff's treating psychiatrist's opinion by failing to explain how the doctor's treatment notes did not fully support her conclusions and by selectively citing to evidence of record to support his decision; and erroneously discounted plaintiff's credibility by failing to address significant evidence which tended to support plaintiff's subjective reports. *Id*. The Court determined that the matter should be reversed and remanded for an award of benefits as the record established plaintiff's entitlement to benefits. *Id*. at 30-31.

The Commissioner has provided no argument that the government's position was substantially justified. Accordingly, the Court finds that the Commissioner's position in this matter was not substantially justified.

Further, no evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

## II. Amount of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special

3

> factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees and costs in the amount of $4,299.18 for work done in the district court. The costs sought by plaintiff represent the $350.00 district court filing fee. Plaintiff's request for fees is based on an hourly rate of $181.99, which represents the $125.00 hourly rate set by the EAJA statute adjusted for inflation based on cost of living increases since enactment of the EAJA. (Doc. 14 at 3, 6, Affidavit of Ryan D. Kirzner, plaintiff's counsel). Plaintiff maintains that the requested $181.99 hourly rate is appropriate as it is in keeping with the hourly rate paid to attorneys in the Cincinnati area as reflected by the Consumer Price Index. The evidence submitted by plaintiff in support of her request includes counsel's affidavit, an itemization of counsel's hours worked and the costs expended prosecuting this matter, and the Consumer Price Index for All Urban Consumers in the Midwest. (Doc. 16 at 6-11).

The Commissioner challenges plaintiff's request for an increase in the EAJA statutory rate to $181.99 per hour, arguing that plaintiff has failed to submit sufficient evidence to support a finding that the requested increase is reasonable. The Commissioner asserts that plaintiff's lone submission supporting his fee increase request – the Consumer Price Index evidence – is insufficient to meet her burden of showing that the requested fee rate is reasonable. In support, the Commissioner cites to *Bryant*, 578 F.3d at 450, where the Sixth Circuit held that Social Security claimants failed to meet their burden of producing evidence supporting their requested fee increase where they submitted only information related to the Department of Labor's Consumer Price Index. The Commissioner also cites to *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) to support its contention that the EAJA hourly statutory rate of $125.00 is

4

"presumptive ceiling" and that inflation alone is not a basis for increasing hourly rates under EAJA. (Doc. 17).

The Court has discretion to award fees greater than the $125 per hour statutory rate. *Begley v. Sec'y of HHS,* 966 F.2d 196, 198-99 (6th Cir. 1992). The starting point for determining a reasonable hourly rate for an attorney fee award under the EAJA is the prevailing market rate charged by Social Security practitioners in Southwestern Ohio. *See* 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon *prevailing market rates* for the kind and quality of the services furnished. . . .") (emphasis added). *See also Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984) (in determining reasonableness of attorney fees court must consider whether requested rates are in line with those prevailing in community for similar services by lawyers of reasonably comparable skill, experience, and reputation). Plaintiff bears the burden of proving that an increase in the statutory hourly rate is warranted. *Bryant,* 578 F.3d at 450. Plaintiff is required to "produce satisfactory evidence -- in addition to the attorney's own affidavit[] -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience, and reputation." *Id.* at 450 (quoting *Blum,* 465 U.S. at 895 n.11). Plaintiff may meet her burden by producing "affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate" or "the results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice." *Zellner v. Astrue,* No. 1:10-cv-812, 2012 WL 273937, at *3 (S.D. Ohio Jan. 31, 2012) (Spiegel, J.). Plaintiff may also meet her burden of establishing the prevailing market rate through "evidence of legal fees charged in the same geographic area for the pertinent area of practice" and the district court may take "judicial notice of the historical fee reimbursement rate

in the district." *Turner v. Astrue*, No. 06-450, 2008 WL 2950063, at *1 (E.D. Ky. July 30, 2008), *aff'd sub nom.*, *Bryant*, 578 F.3d 443 (citing *London v. Hatter*, 134 F. Supp.2d 940, 941-942 (E.D. Tenn. 2001)). Submitting only the Department of Labor's Consumer Price Index in support of a higher hourly rate is insufficient. *Bryant,* 578 F.3d at 450.

The Court finds that plaintiff has failed to submit sufficient evidence in support of the requested hourly rate. As noted above, the only evidence submitted by plaintiff that speaks to the reasonableness of the requested hourly rate is the Consumer Price Index (CPI) for Midwest urban consumers for All Items.[1] The Sixth Circuit has determined that this evidence is, taken alone, insufficient to support a request for an increase in fees; a plaintiff may establish that an increase is reasonable by submitting, *inter alia*, affidavits from members of the local bar wherein they attest to their skill, experience, and hourly rates. *See Bryant*, 578 F.3d at 450. Here, however, like the plaintiff in *Bryant*, plaintiff has failed to satisfy her burden of proof by relying solely on the CPI to support the request for an increased hourly rate. *See Page v. Astrue*, 921 F. Supp.2d 746, 747-48 (E.D. Mich. 2013) (awarding plaintiff the EAJA statutory hourly rate of $125.00 and denying request for increased rate under *Bryant* where only evidence submitted in support of increase was CPI). *See also Montgomery v. Astrue*, No. 3:11-cv-256, 2012 WL 2064473, at *2-4 (S.D. Ohio, June 7, 2012), *adopted*, 2012 WL 2412069 (S.D. Ohio June 26, 2012) (collecting cases) (plaintiff failed to carry his burden under *Bryant* where request for EAJA hourly rate increase was supported by only time records, his attorney's own affidavits, and a copy of the CPI). The undersigned therefore recommends limiting plaintiff's attorney's fees to $2712.50, representing the statutory hourly rate of $125.00 for the 21.7 hours of attorney work performed by plaintiff's counsel.

---

[1] While plaintiff submitted the affidavit of her counsel, he testifies to his own experience and not to the reasonableness of the requested hourly rate increase. *See* Doc. 16 at 6.

6

To the extent plaintiff requests that this fee be paid directly to counsel pursuant to her fee contract with Mr. Kirzner, *see* Doc. 16 at 4, 11, this request is denied. The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S.586, 591-98 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** in part and that plaintiff be **AWARDED** $2712.50 in attorney fees and $350.00 in costs.

Date: 9/15/14

Karen L. Litkovitz
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY SMITH,
    Plaintiff,

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:12-cv-904
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).